UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CODY JONES<br>158 Stanford Ave.<br>Elyria, OH 44035 | ) <br> ) <br> ) | CASE NO. |
| | ) | [Previously pending as 1:17-CV-01104] |
| | ) | |
| Plaintiff | ) | JUDGE: JAMES GWIN |
| vs. | ) | |
| | ) | |
| THE CITY OF ELYRIA, OHIO<br>c/o Duane A. Whitely, Chief of Police<br>Elyria Police Dept.<br>18 West Avenue.<br>Elyria, OH 44035 | ) <br> ) <br> ) <br> ) <br> ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| and | ) | *[Jury Demand Endorsed Hereon]* |
| | ) | |
| CHIEF DUANE A. WHITELY,<br>Individually and in his Official Capacity,<br>Elyria Police Dept.<br>18 West Avenue.<br>Elyria, OH 44035 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) | |
| | ) | |
| ANTHONY WEBER (BADGE #328),<br>Individually and in his Official Capacity<br>Elyria Police Dept.<br>18 West Avenue.<br>Elyria, OH 44035 | ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) | |
| | ) | |
| NICHOLAS CHALKEY (BADGE #053),<br>Individually and in his Official Capacity<br>Elyria Police Dept.<br>18 West Avenue.<br>Elyria, OH 44035 | ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) | |
| | ) | |

PAIGE MITCHELL (BADGE #229), )
Individually and in her Official Capacity )
Elyria Police Dept. )
18 West Avenue. )
Elyria, OH 44035 )
  )
             Defendants )
  )

Now comes Plaintiff, Cody Jones, by and through his undersigned Counsel, and for his Complaint against the above-named Defendants, states and avers:

## INTRODUCTION

1. This is a civil rights action stemming from incidents that occurred in the City of Elyria, Lorain County, Ohio, during the afternoon hours of April 23, 2016, including, but not limited to the following: Cody Jones was lawfully present in a parking lot, when he was unlawfully seized, assaulted, battered, subjected to excessive and unreasonable force and seizure, and subjected to the intentional infliction of emotional distress by Elyria, Ohio law enforcement. As a direct and proximate result of the actions and inactions of the Defendants, Cody Jones was deprived of his civil and constitutionally guaranteed rights and did endure physical and emotional pain and suffering. Plaintiff, Cody Jones, seeks compensatory and punitive damages, as well as reasonable attorneys' fees and the costs of this litigation pursuant to 42 U.S.C. § 1988.

2. Plaintiff, Cody Jones asserts claims under 42 U.S.C. § 1983 for violations of Cody Jones's rights to be free from unreasonable searches and seizures, excessive force, false arrest and malicious prosecution under the protection of the Fourth Amendment to the United States Constitution. Plaintiff asserts Section 1983 claims against the City of Elyria, Ohio and Duane Whitely, in his Individual and Official Capacity, as Chief of the City of Elyria Police Department,

2

for failure to properly train and/or supervise law enforcement, for promulgating customs, policies, and/or practices, which proximately caused the violation of Cody Jones's federal constitutional rights, and for ratifying the unconstitutional conduct of its officers.

3. Plaintiff also asserts claims under Ohio law for assault and battery, intentional infliction of emotional distress.

4. This is a refiled case. This case was formerly pending as Case No. 1:17-CV-01104

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

6. Pendant jurisdiction over state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

8. Plaintiff is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

9. Defendant Officer Anthony Weber (Badge #328) is, and was at all times relevant, a law enforcement officer employed by the City of Elyria, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Elyria and Chief Whitely. Defendant Weber is a "person" under 42 U.S.C. § 1983. Defendant Weber is sued both individually and in his official capacity.

10. Defendant Officer Nicholas Chalkey (Badge # 154) is, and was at all times relevant, a law enforcement officer employed by the City of Elyria, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Elyria, Ohio and Chief Whitely. Defendant Chalkey is a "person" under 42 U.S.C. § 1983. Defendant Chalkey is sued both individually and in his official capacity.

11. Defendant Paige Mitchelle (Badge # 229) is, and was at all times relevant, a law enforcement officer employed by the City of Elyria, Ohio who was acting under color of law within the course and scope and in furtherance of her employment with the City of Elyria, Ohio and Chief Whitely. Defendant Mitchell is a "person" under 42 U.S.C. § 1983. Defendant Mitchell is sued both individually and in her official capacity.

12. Defendant the City of Elyria, Ohio is, and was at all relevant times, a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in Lorain County, Ohio and acting under the color of law. Defendant the City of Elyria, Ohio is a "person" under 42 U.S.C. § 1983.

13. Defendant Duane Whitely (Badge #121) is, and at all times relevant was, the Chief of Police for the City of Elyria, Ohio, a political subdivision and unit of local government duly organized under the laws of the State of Ohio, with the ability to sue and be sued, residing in Lorain County, Ohio. Defendant Chief Whitely is responsible for the administration, operation, training, and supervision of law enforcement officers and personnel of the City of Elyria Police Department and for the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto, acting under color of law. Defendant Chief Whitely is a "person" under 42 U.S.C. § 1983. Defendant Chief Whitely is sued in his official and individual capacities.

4

## BACKGROUND

14.     On the morning of Tuesday April 23, 2016, Cody Jones exited his home and went out for his day off to visit friends and walk around his neighborhood.

15.     He did not possess any weapons and did not threaten anyone at any time that day.

16.     At approximately 2:00 pm on the afternoon of April 23, 2016, an employee from the Subway located at or around 907 East River, Elyria, Ohio, called 911 and reported that a male, later found to be Plaintiff Cody Jones, was "picking things up off the ground, and [was] eating something," she indicated that she thought this was strange behavior and asked the police to send a car to check on the man.

17.     The 911 dispatcher relayed slightly different information to officer Weber, stating that there was a report of a man eating from a dumpster near the Subway sandwich shop. The information as relayed by the dispatcher was not what the caller originally reported, but the discrepancy gave no reason to believe that Mr. Jones was engaging in any unlawful or dangerous behavior. Defendant Weber was not responding to any purported criminal act.

18.     Minutes after the Subway worker's initial call, Officer Weber arrived at the location reported by the caller and saw Cody Jones speaking with two women in the parking lot.

19.     Defendant Weber immediately pulled close to Jones, ordered him to his patrol car, and repeatedly ordered him to take his hands out of his pockets and put them up.

20.     Cody Jones complied with the officer's commands.

21.     No one reported that Cody Jones was armed nor was there any reason based upon his conduct or the reported information to believe that he was armed.

22.     When Jones approached Weber's cruiser after complying with his commands, Weber immediately slammed Jones against Weber's patrol vehicle and began to conduct a pat-

5

down search of Jones. There was no report of a weapon, nor did Defendant Weber indicate he had any other reason to believe Jones to be armed.

23. Jones attempted to ask why he was being forcefully restrained, seized, and searched against his will.

24. Officers Chalkey and Mitchell arrived on scene and were present while Plaintiff was being unlawfully restrained and seized by

25. As Jones was requesting an explanation for the officer's misconduct, officers Weber and Chalkey tackled Cody to the ground.

26. Once on the ground in a face-down prone position, the officers continued to forcefully restrain Cody Jones and subsequently handcuffed Jones. None of the officers stated that Cody was under arrest.

27. Despite not having any probable cause to arrest or detain Jones and despite the fact that Jones was already restrained, the officers drew and fired an electrical conducted weapon (commonly referred to as a Taser) at Cody Jones, striking him and causing complete neuromuscular incapacitation.

28. Again, while not having any probable cause to arrest or detain Jones and despite the fact that Jones was already restrained, the officers then fired their Taser into Cody Jones' back a second time.

29. The officers then continued to fire their Taser—now in "drive stun" mode—three additional times in less than one minute.

30. Patrolman Mitchell was present during the events described in paragraphs 26-28. Mitchell had the time and opportunity to intervene and stop Weber and Chalkey's uses of force but chose not to do so.

6

31.     After Cody had been Tasered twice in the back and "drive-stunned" another three times, while restrained on the ground in a prone position, the officers applied compressive force to Cody Jones' body compromising his ability to breathe and causing him to panic.

32.     Mitchell approached and took hold of Cody 's lower legs and told Cody that if he did not stop moving she would "break his fucking foot."

33.     The two officers physically held Cody down in a prone position with force while another officer held Cody's feet, all while he was in prone restraint.

34.     The Defendant Officers placed Cody Jones in a hobbling device and put a spit hood over his face—even though he had never spit nor attempted to spit on anyone—further inhibiting his ability to breathe and increasing his panic response.

35.     After observing Cody Jones' obvious physical injuries, the officers received orders to drive Cody Jones to a local hospital where he spent seven days to treat the severe injuries he sustained as a result of the officers' unlawful conduct.

36.     The City of Elyria Police Department performed no internal review of the conduct of all officers involved, including Officers Weber, Chalkey, and Mitchell.  Rather,  instead of investigating the extreme abuse of force, the matter was referred to the Lorain County Prosecutor for felony charges against Jones for allegedly assaulting the officers, obstructing official business, and resisting arrest.

37.     Plaintiff Cody Jones was arrested and caused to be prosecuted by Defendants Officers Anthony Weber, Nicholas Chalkey, Paige Mitchell, City of Elyria, Ohio, and Chief Whitely in the matter of *State of Ohio v. Cody Jones*, Lorain County Court of Common Pleas Case No. 16cr93976.

38.     Plaintiff Cody Jones' case was acquitted of all charges on September 5th, 2017.

## FIRST CLAIM FOR RELIEF

**(42 U.S.C. § 1983 Claim Against Defendants Weber, Chalkey, and Mitchell for Excessive Force in Violation of the Fourth Amendment)**

39.     Plaintiff incorporates paragraphs 1 through 38 as if fully rewritten.

40.     At the aforementioned time and place, Defendants Weber, Chalkey, and Mitchell, acting under color of law and within the course and scope of their employment as law enforcement officers with the City of Elyria, Ohio used unnecessary, unreasonable, outrageous, and excessive force on Cody Jones in violation of his clearly established rights guaranteed by the Fourth Amendments to the United States Constitution.

41.     Defendants Weber, Chalkey, and Mitchell's uses of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

42.     Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Cody Jones' clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

43.     Defendants Weber, Chalkey, and Mitchell callously and recklessly disregarded Cody's federally protected rights.

44.     As a direct and proximate result of Defendants Weber, Chalkey, and Mitchell's uses of force in violation of Cody's clearly established Fourth, Cody was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, was forced to pay medical expenses, and suffered lost wages. Cody's mental and physical injuries are permanent and will continue for the rest of his life.

## SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983 Supervisory Liability Claim Against Defendant Whitely)

45.     Plaintiff incorporates paragraphs 1 through 44 as if fully rewritten.

46.     Defendants Weber, Chalkey, and Mitchell were the subordinates of Defendant Whitely, and as alleged herein, Plaintiff's rights were violated by the actions of Defendants Weber, Chalkey, and Mitchell.

47.     Defendant Whitely was personally involved in the violation of Plaintiff's federally protected rights by, among other acts:

    i.    Directly participating in the conduct of Defendants Weber, Chalkey, and Mitchell by acquiescing to and failing to intervene to correct the actions of Defendants Weber, Chalkey, and Mitchell once it was known that they were occurring;

    ii.    Failing to train his subordinates, including Defendants Weber, Chalkey, and Mitchell on engaging in crisis intervention, interacting with mentally ill or potentially intoxicated suspects, de-escalation techniques, or safely restraining members of the public when the need for additional training was apparent and through their actions and inactions, creating a policy, practice, or custom in which violations occurred;

    iii.    Consistently failing to supervise and train his subordinates, including Defendants Weber, Chalkey, and Mitchell, such that the violation of a citizen's rights were highly predictable under the usual and recurring circumstances and did occur against Plaintiff in the manner predicted; and

    iv.    Remaining deliberately indifferent to and consciously disregarding the rights of citizens and civilians by failing to act on information that constitutional rights were being violated.

48.     Defendant Whitely's failure to supervise and train and his participation in the conduct of his subordinates was affirmatively linked to the violations of Plaintiff's federally protected rights.

49.     As a direct and proximate result of Defendant Whitely's failure to supervise and train Defendants Weber, Chalkey, and Mitchell and in participating in Defendant Weber, Chalkey,

9

and Mitchell's course of conduct, Plaintiff was forced to endure and suffer severe physical, mental, and emotional injuries, and pecuniary loss, and was forced to pay medical expenses, suffered lost wages. Cody's mental and physical injuries are permanent and will continue for the rest of his life.

50. In failing to train and supervise and by participating in Defendants Weber, Chalkey, and Mitchell's conduct, Defendant Whitely acted wantonly, willfully, recklessly, without justification, maliciously, and with deliberate indifference to Plaintiff's federally protected rights warranting the imposition of exemplary punitive damages.

## THIRD CLAIM FOR RELIEF

### (*Monell* Claim--42 U.S.C. § 1983 Against Defendants the City of Elyria, Ohio and Chief Whitely For Failure to Train and Supervise and for Customs, Policies, and Practices Causing Violations of the FourthAmendment)

51. Plaintiff incorporates paragraphs 1 through 50 as if fully rewritten.

52. Defendants Weber, Chalkey, and Mitchell and/or other the City of Elyria law enforcement officers have a history of violating citizens' constitutional rights, making unreasonable searches and seizures, and using excessive force. Defendants Chief Whitely and the City of Elyria, Ohio, are, and were at all times relevant, aware of such violations but failed to take proper steps to correct the same.

53. Defendant Chief Whitely failed to adequately and properly train and/or supervise Defendants Weber, Chalkey, and Mitchell and other the City of Elyria law enforcement officers on the usually recurring circumstances likely to be faced by the City of Elyria law enforcement, including crisis intervention, uses of force, and encountering individuals with mental and/or medical conditions.

54. Defendants Chief Whitely and the City of Elyria, Ohio, allowed a custom policy, and practice of the misuse of force and conducting searches and/or seizures in an unreasonable manner and without probable cause. These customs, policies and practices were the driving force behind Defendants' violation of Plaintiff's civil rights.

55. As a direct and proximate result of Defendants Chief Whitely and the City of Elyria, Ohio's customs, policies, and practices described herein, Plaintiff was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, and was forced to pay medical expenses, suffered lost wages. Cody's mental and physical injuries are permanent and will continue for the rest of his life.

**FOURTH CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Claim Against Defendants the City of Elyria and Chief Whitely -**
***Ratification*)**

56. Plaintiff incorporates paragraphs 1 through 55 as if fully rewritten.

57. Defendants the City of Elyria, Ohio and/or Chief Whitely, each of whom had final policymaking authority, ratified the conduct of Defendants Weber, Chalkey, and Mitchell described herein and/or otherwise failed to investigate or punish said conduct.

58. Defendants the City of Elyria and/or Chief Whitely's ratification referenced in the preceding paragraph constitutes an official policy of Defendant the City of Elyria, Ohio and/or Chief Whitely.

59. Defendants City of Elyria, Ohio and/or Chief Whitely's ratification and/or failure to investigate or punish as described herein renders them liable to Cody Jones, for the constitutional violations alleged herein in accordance with *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985) and its progeny.

## FIFTH CLAIM FOR RELIEF
### (Assault and Battery Against Defendants Weber, Chalkey, Mitchell, the City of Elyria, Ohio, and Chief Whitely)

60.     Plaintiff incorporates paragraphs 1 through 59 as if fully rewritten.

61.     On April 23, 2016, Defendants Weber, Chalkey, and Mitchell threatened bodily harm against Cody Jones which caused him to be in fear of imminent peril.

62.     On April 23, 2016, Defendants Weber, Chalkey, and Mitchell had apparent authority and ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Cody Jones.

63.     At all times relevant, Defendants Weber, Chalkey, and Mitchell were acting within the course, scope, and in furtherance of their employment with Defendant City of Elyria.

64.     Defendants Weber, Chalkey, and Mitchell assaulted and battered Cody Jones with malicious purpose, in bad faith, or in a reckless or wanton manner.

65.     As a direct and proximate result of being assaulted and battered by Defendants Weber, Chalkey, and Mitchell, Cody Jones was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, and was forced to pay medical expenses, and suffered lost wages. Cody's mental and physical injuries are permanent and will continue for the rest of his life.

## SIXTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress Against Defendants Weber, Chalkey, and Mitchell, and the City of Elyria, Ohio)

66.     Plaintiff incorporates paragraphs 1 through 65 as if fully rewritten.

67.     Defendants Weber, Chalkey, and Mitchell either intended to cause emotional distress or knew or should have known that their actions would result in serious emotional distress to Plaintiff Cody Jones.

12

68. Defendants Weber, Chalkey, and Mitchell's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was utterly intolerable in a civilized society.

69. As a direct and proximate result of Defendants Weber, Chalkey, and Mitchell's actions, Cody Jones suffered psychic injury; and the mental anguish suffered by Cody Jones was serious and of a nature that no reasonable person could be expected to endure.

70. Defendants Weber, Chalkey, and Mitchell were acting within the course, scope, and in furtherance of their employment with Defendant City of Elyria, Ohio.

## SEVENTH CLAIM FOR RELIEF
### (42 U.S.C. §1983 Claim For False Arrest in Violation of the Fourth Amendment Against All Defendants)

71. Plaintiff incorporates paragraphs 1 through 70 as if fully rewritten herein.

72. Defendants were without probable cause to arrest Plaintiff.

73. Defendants by seizing and holding Plaintiff without probable cause falsely arrested and imprisoned Plaintiff.

74. Defendants' arrest of Plaintiff without probable cause violated Plaintiff's Fourth Amendment right against unreasonable seizure.

75. As a direct and proximate result of Defendants' unlawful seizure of Plaintiff,

76. As a direct and proximate result of Defendants false arrest of Plaintiff in violation of Plaintiff's Fourth Amendment rights, Plaintiff suffered damages including physical and emotional pain and distress.

## EIGHTH CLAIM FOR RELIEF
### (42 U.S.C. §1983 Claim For Malicious Prosecution In Violation of the Fourth Amendment Against All Defendants).

77. Plaintiff incorporates paragraphs 1 through 75 as if fully rewritten herein.

13

78. Defendants caused criminal charges to be filed against Plaintiff without probable cause.

79. Those charges were ultimately dismissed following a jury trial at which Plaintiff was found to be "Not Guilty."

80. Defendants institution of criminal charges against Plaintiff without probable cause was done so in violation of Plaintiff's Fourth Amendment rights.

81. As a direct and proximate result of Defendants' violation of Plaintiff's Fourth Amendment rights, Plaintiff suffered a loss of his liberty, incurred legal expenses, suffered emotional and mental anguish, embarrassment, and loss of income.

## NINTH CLAIM FOR RELIEF
### (False Arrest Against All Defendants)

82. Plaintiff incorporates paragraphs 1 through 81 as if fully rewritten.

83. Defendants arrested Plaintiff without probable cause. Said arrest constituted the tort of false arrest.

84. As a direct and proximate result of Defendants' false arrest of Plaintiff, Plaintiff suffered a loss of his liberty, incurred legal expenses, suffered emotional and mental anguish, embarrassment, and loss of income.

## TENTH CLAIM FOR RELIEF
### (Malicious Prosecution Against All Defendants)

85. Plaintiff incorporates paragraphs 1 through 84 as if fully rewritten.

86. Defendants caused criminal charges to be instituted against Plaintiff without probable cause.

87. All of the criminal charges instituted against Plaintiff by Defendants were ultimately dismissed following a jury trial where Plaintiff was found to be "Not Guilty."

14

88.     As a direct and proximate result of Defendants' malicious prosecution of Plaintiff, Plaintiff suffered a loss of his liberty, incurred legal expenses, suffered emotional and mental anguish, embarrassment, and loss of income.

**WHEREFORE**, Plaintiffs pray that this Court:

A.  Award Plaintiffs compensatory damages in an amount to be shown at trial against Defendants;

B.  Award Plaintiffs punitive damages in an amount to be shown at trial against Defendants;

C.  Award Plaintiffs reasonable attorney's fees, interest, costs and disbursements;

D.  Grant Plaintiffs such additional relief as the Court deems just and proper.

Respectfully submitted,


s/Joseph F. Scott                                  s/Marcus Sidoti
JOSEPH F. SCOTT (0029780)              MARCUS SIDOTI (0077476)
Scott & Winters                                    Jordan & Sidoti, LLP
The Caxton Building                             The Terminal Tower
812 Huron Road E., Suite 490              55 Public Square, Suite 1900
Cleveland, OH  44115                          Cleveland, OH  44113-2205
216-650-3318                                        440-227-1384
jscott@ohiowagelawyers.com            marcus@jordansidoti.com
Attorney for Plaintiff                            Attorney for Plaintiff


**Jury Demand**


Plaintiff hereby demands a trial by jury as to all issues.

 _s/Joseph F. Scott_____
JOSEPH F. SCOTT (0029780)

15