UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
CODY JONES, : CASE NO. 1:18-cv-929
:
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 15]
CITY OF ELYRIA, OHIO, et al. :
:
    Defendants. :
:
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Cody Jones brings this civil rights action against three City of Elyria police officers, the Elyria Police Department Chief, and the City of Elyria, Ohio. Plaintiff Jones makes claims related to an April 23, 2016, encounter Jones had with the three Elyria police officers, and related to a criminal prosecution that flowed from the April 23, 2016 events.

    At the April 23, 2016, encounter, Plaintiff Jones was unarmed and was not suspected of any wrongdoing. Yet the Defendant officers searched and detained Jones, restrained him on the ground in a face-down prone position, handcuffed him and then repeatedly tased him, and placed a spit hood over his face.

    Not only was Plaintiff Jones allegedly hospitalized after the incident, but he was also charged with assaulting a police officer, obstructing official business, and resisting arrest. Eventually, a jury acquitted Jones of all charges.

    Plaintiff Jones sued the officers, their police chief, and Elyria for arguably violating Jones's constitutional and civil rights.

    On July 31, 2018, Lorain County Prosecuting Attorney Dennis Will, a non-party to the present litigation, moved to quash a subpoena issued by Plaintiff Jones in relation to the prior

criminal action against him.[1] The subpoena seeks the transcripts, files, and documents relating to the grand jury proceedings that resulted in Jones's indictment.[2]

For the following reasons, the Court **MODIFIES** the subpoena pursuant to Rule 45, and **DENIES** the motion to quash the modified subpoena.

### I. Background

Plaintiff Jones brings various federal § 1983 claims and state law tort claims against City of Elyria police officers Anthony Weber, Nicholas Chalkey, and Paige Mitchell, individually and in their official capacities; City of Elyria Chief of Police Duane Whitely, individually and in his official capacity; and the City of Elyria, Ohio.[3]

#### A. The April 2016 Incident and the Criminal Prosecution

Jones sues for an incident that occurred on the afternoon of April 23, 2016.[4]

The police contact resulted after a 911 call reporting Jones was acting erratically.[5] Three officers went to the location to check on Jones.[6]

When Officer Weber arrived, Jones was speaking calmly with two women.[7] Officer Weber allegedly pulled close to Jones, and ordered him over.[8] Jones then alleges Officer Weber, and eventually Officers Chalkey and Mitchell, proceeded to use excessive force on Jones, who was unarmed.[9] They allegedly used excessive taser applications against Jones.[10]

---

[1] Doc. 15. Plaintiff Jones opposes. Doc. 20. Prosecuting Attorney Will replies. Doc. 23.
[2] *See* Doc. 15 at 1.
[3] Doc. 1 ¶¶ 8–13, 39–88. The § 1983 claims are based on excessive force, false arrest, and malicious prosecution in violation of Plaintiff Jones's Fourth Amendment rights, as well supervisory liability, *Monell* violations, and ratification. The Ohio law claims are assault and battery, intentional infliction of emotional distress, false arrest, and malicious prosecution.
[4] Doc. 1 ¶¶ 1, 16–18; Doc. 7 ¶¶ 14, 16.
[5] Doc. 1 ¶¶ 17–18; Doc. 7 ¶ 14.
[6] Doc. 1 ¶¶ 18, 24; Doc. 7 ¶ 21.
[7] Doc. 1 ¶ 18; Doc. 7 ¶ 16.
[8] Doc. 1 ¶ 19; Doc. 20-1 at 6:12–25.
[9] Doc. 1 ¶ 22, 25–34.
[10] Doc. 1 ¶¶ 27–29; Doc. 7 ¶¶ 24–26.

Case No. 1:18-cv-929
Gwin, J.

Jones claims injury from the police use of force, some of which are claimed to be permanent.[11] He alleges being hospitalized from the incident.[12]

After the arrest, Lorain County Prosecuting Attorney Dennis Will obtained a grand jury indictment against Jones for assaulting a police officer, obstructing official business, and resisting arrest.[13]

On September 5, 2017, Jones was acquitted of all charges.[14]

## B. The Present Action and the Subpoena Seeking Matter from the Grand Jury Proceeding

On April 23, 2018, Plaintiff Jones re-filed[15] this action against Defendants, alleging § 1983 constitutional rights claims and Ohio law tort claims stemming from the April 2016 incident and his subsequent criminal prosecution.[16] Among other defenses, Defendants argue that the Grand Jury indictment established probable cause for Jones's arrest.[17] Defendants also moved for partial judgment on the pleadings as to the federal and state law false arrest and malicious prosecution claims.[18]

With its motion for partial judgment on the pleadings, Defendants argue that Plaintiff Jones fails to allege an absence of probable cause to arrest or prosecute. Defendants say such allegations are required for the false arrest and malicious prosecution claims, respectively.[19] In support of this argument, the Defendants assert that Plaintiff Jones's grand jury indictment creates a presumption of probable cause and that Plaintiff Jones failed to include complaint allegations that the indictment

---

[11] Doc. 1 ¶ 44.
[12] *Id.* ¶ 35.
[13] Doc. 1 ¶ 36; Doc. 7 ¶ 33; Doc. 7-1.
[14] Doc. 1 ¶ 38; Doc. 7 ¶ 35.
[15] Doc. 1. Plaintiff Jones initially sued Defendants in 2017. His case was removed from the Lorain Court of Common Pleas in May 2017 and docketed as Case No. 1:17-CV-01104. *See* Doc. 1 (Case No. 1:17-CV-01104). In light of Plaintiff's indication that the strength and strategy of the case would be greatly affected by the outcome of the criminal action, as well as his indication that he would be better positioned to make spending decisions on the case after the criminal trial was concluded, this Court granted Plaintiff Jones's motion for voluntary dismissal without prejudice on August 18, 2017. *See* Doc. 21 (Case No. 1:17-CV-01104).
[16] *See generally* Doc. 1.
[17] Doc. 7 ¶ 69; Doc. 7-1.
[18] Doc. 8.
[19] *Id.* at 1.

Case No. 1:18-cv-929
Gwin, J.

resulted from false testimony or other irregularity in the grand jury proceeding to rebut this presumption.[20]

Because the motion for partial judgment on the pleadings briefing is not ripe, the Court does not decide the merits of Defendants' arguments. But the motion for partial judgment on the pleadings remains relevant because Plaintiff Jones says Defendants' reliance upon the Grand Jury indictment gives a reason to deny the motion to quash.[21]

Plaintiff Jones has issued a subpoena to Prosecuting Attorney Will.[22] The subpoena seeks the transcripts, files, and documents from the grand jury proceedings of *State v. Jones*, Case No. 16CR093976, Lorain County Court of Common Pleas, which led to Jones's criminal indictment.[23]

On July 31, 2018, Prosecuting Attorney Will moved to quash the subpoena.[24] The non-party Prosecuting Attorney argues that the Lorain County Common Pleas Court is the proper court to decide whether the requested grand jury materials should be disclosed, that a subpoena *duces tecum* is not the proper device for making the request, and that Plaintiff Jones has not shown that he has a particularized need for the grand jury materials.[25]

Plaintiff Jones opposes the motion to quash.[26] He takes a contrary position on all three issues. In particular, he argues that he has a particularized need for the grand jury material because it will reveal that false testimony was presented to the jury, giving him an opportunity to rebut the probable cause presumption.[27]

Plaintiff Jones supports his allegations by providing a transcript of the sworn testimony that Ruth Kennedy gave at a pre-trial suppression hearing and at trial during Jones's criminal

---

[20] *See* Doc. 8-1 at 5, 8.
[21] *See* Doc. 20 at 2–5.
[22] *See* Doc. 15 at 1.
[23] *Id.*; Doc. 20 at 1.
[24] Doc. 15. Plaintiff Jones opposes. Doc. 20. Prosecuting Attorney Will replies. Doc. 23.
[25] *See* Docs. 15, 23.
[26] Doc. 20.
[27] *See* Doc. 20 at 2–5.

Case No. 1:18-cv-929
Gwin, J.

prosecution.[28]  Witness Kennedy is one of the two women Plaintiff Jones met minutes before the April 2016 incident and who had a largely unimpeded view of it.[29]

## II. Analysis

### A. Legal Standard

The scope of subpoenas issued under Federal Rule of Civil Procedure 45 is usually limited only by the general relevancy standard applicable to civil discovery.[30]  Rule 45 does, however, specify four circumstances in which courts must, upon a timely motion, quash or modify a subpoena.[31]  One circumstance for challenging a subpoena is a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."[32]

A court may quash or modify a subpoena seeking materials from a grand jury proceeding that are protected by Federal Rule of Criminal Procedure 6(e).  This Rule generally prohibits the disclosure of any "matter occurring before the grand jury."[33] Criminal Rule 6(e) reflects a "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."[34]

But Rule 6(e) also provides certain situations in which grand jury materials may be disclosed.[35]  One exception permits a court to "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding."[36]

---

[28] Doc. 20-1.
[29] Doc. 20 at 3; Doc. 20-1.
[30] *See* *Vaughan v. City of Shaker Heights*, No. 1:10 CV 609, 2013 WL 4758028, at *3 (N.D. Ohio Sept. 4, 2013) (citing *Laethem Equip. Co. v. Deere & Co.*, No. 05-CV-10113-BC, 2007 WL 2873981, at *4 (E.D. Mich. Sept. 24, 2007)).
[31] Fed. R. Civ. P. 45(d)(3)(A).
[32] Fed. R. Civ. P. 45(d)(3)(A)(iii).
[33] Fed. R. Crim. P. 6(e)(2)(B).
[34] *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958) (citing Fed. R. Crim. P. 6(e)).
[35] Fed. R. Crim. P. 6(e)(3); *see* *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983) (citing Fed. R. Crim. P. 6(e)(3)).
[36] Fed. R. Crim. P. 6(e)(3)(E).

A party seeking the disclosure of grand jury matter must demonstrate a "particularized need" for it.[37] The Supreme Court's decision in *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211 (1979), describes three requirements for a demonstration of "particularized need."[38] The party requesting grand jury materials has the burden of showing that "(a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed."[39] District courts enjoy substantial discretion in determining whether grand jury matter should be disclosed under this standard.[40]

**B. This Court Will Decide Whether the Grand Jury Materials Should Be Disclosed**

Before assessing Plaintiff Jones's showing under the *Douglas Oil* standard, the Court considers Prosecuting Attorney Will's two procedural objections: whether this Court is the proper court to decide whether the grand jury materials should be disclosed, and whether a Rule 45 subpoena is a proper device for requesting such a disclosure.[41] Rule 6(e) and related cases govern both issues.

**1. This Court Is Able to Determine that Justice Requires Immediate Disclosure**

The court that convened the grand jury is typically "in the best position to determine if there is any special need for continuing secrecy of the grand jury proceedings."[42] Thus, the procedure for requesting grand jury matter generally calls for the party seeking disclosure to file a petition with the court that supervised the grand jury.[43]

---

[37] *See Fed. Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990); *United States v. Dimora*, 836 F. Supp. 2d 534, 552–53 (N.D. Ohio 2011) (citing *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 228 (1979)).
[38] *See Douglas Oil*, 441 U.S. at 222–23.
[39] *Ernst & Whinney*, 921 F.2d at 86 (citing *Douglas Oil*, 441 U.S. at 222–23; *In re Grand Jury Proceedings,* 841 F.2d 1264, 1268 (6th Cir.1988)).
[40] *Douglas Oil*, 441 U.S. at 223.
[41] *See* Docs. 15, 23.
[42] *In re Grand Jury Proceedings at Chattanooga*, 649 F.2d 387, 388–89 (6th Cir. 1981) (citing *Douglas Oil*, 441 U.S. at 222–23) (noting that the records are in the custody of the supervising court and its personnel and that the U.S. Attorney's Office local to the supervising court is more likely to be familiar with the proceedings).
[43] *See* Fed. R. Crim. P 6(e)(3)(F).

Case No. 1:18-cv-929
Gwin, J.

When the court that convened the grand jury ("supervising court") is different from the court with the litigation seeking disclosure of the grand jury materials ("litigating court"), the supervising court normally gives a written evaluation considering the need for continuing grand jury secrecy concerning the materials sought.[44] It then transfers the evaluation and the requested materials to the litigating court, unless it can reasonably determine whether disclosure is proper.[45]

In either circumstance, the petitioner is required to serve the petition on, and the court must give a reasonable opportunity to be heard to, an attorney for the government, the parties to the judicial proceeding, and any other person designated by the court.[46] Only then can the court make the final disclosure determination under the *Douglas Oil* particularized need standard.[47]

Despite this general rule, in some circumstances, the litigating court may itself decide the need for continuing secrecy without transferring the matter to the supervising court. This includes situations where the court is "able intelligently, on the basis of limited knowledge, to decide that disclosure plainly is inappropriate or that justice requires immediate disclosure to the requesting party."[48]

---

[44] *See* Fed. R. Crim. P 6(e)(3)(G).
[45] *Id*.
[46] Fed. R. Crim. P 6(e)(3)(F)–(G).
[47] *Id*.
[48] *Douglas Oil*, 441 U.S. at 231. Litigating courts have decided whether disclosure is proper without referring the matter to the supervising court in varied circumstances, including when the materials requested may show that the grand jury proceedings were part of an effort to deprive plaintiffs of their civil rights, when the particular circumstances are such that the supervising court is not well-suited to make the determination, and when the parties do not raise the issue in the briefing. *See Wheatt v. City of E. Cleveland*, No. 1:17-CV-00377, 2017 WL 3392485, at *1–2 (N.D. Ohio Aug. 8, 2017) (granting the disclosure request without referring the matter to the Ohio county court, where the case involved a civil rights action against law enforcement officers by plaintiffs who had spent 20 years in prison for a state murder conviction that was later nullified based on exculpatory evidence, because federal § 1983 claims were at issue and the county court thus would "have no firsthand knowledge of the litigation in which the transcripts allegedly [were] needed"), *reconsideration denied,* No. 1:17-CV-00377, 2017 WL 3599187 (N.D. Ohio Aug. 22, 2017); *Noffsinger v. Landers*, 196 F. Supp. 3d 746, 755 n.8 (N.D. Ohio 2016) ("I agree with other Ohio federal courts that, in the interest of comity toward the state criminal justice system, a federal court should submit requests for grand jury materials to the court that supervised the grand jury in the first place. But plaintiff has not asked that I do so here." (citations omitted)); *Horizon of Hope Ministry v. Clark Cty., Ohio*, 115 F.R.D. 1, 2–4 (S.D. Ohio 1986) (ordering the disclosure of grand jury matter without addressing whether referral of the matter to the county court was appropriate when the grand jury proceedings were allegedly part of a conspiracy to deprive plaintiffs of their civil rights, and "[o]nly by review of the transcripts requested c[ould] Plaintiffs possibly show that the grand jury proceedings in question were aimed at depriving them of their civil rights rather than the legitimate investigation of a criminal act").

As a general matter, this Court recognizes the comity interest in giving the supervising court a first opportunity to consider the disclosure request.[49] But it believes that the instant circumstances are such that "justice requires immediate disclosure to the requesting party."[50]

The grand jury materials are central to Plaintiff's ability to respond to Defendants' arguments that the state court indictment establishes probable cause for Jones's arrest.

Moreover, the need for the grand jury matter stems in part from § 1983 claims. Given the federal nature of these claims, the Lorain County Court of Common Pleas has little background for assessing Plaintiff's need for the grand jury materials.[51]

As important, the state court prosecution is over and Ohio shows no ongoing state matter that could be impacted by the disclosure of the grand jury materials. Ohio charged Jones with low-level felonies unrelated to any ongoing criminal activity. Disclosure of grand jury materials from a long-closed and low-level state case will not impact any Ohio investigation or prosecution.

The procedural requirement that certain individuals be given notice and an opportunity to be heard has been satisfied.[52] By providing notice to Defendants before serving the subpoena, as required by Rule 45(a)(4),[53] and by serving the subpoena upon Prosecuting Attorney Will, Plaintiff Jones satisfies his notice obligations. In addition, the Court has given these individuals an opportunity to be heard. Prosecuting Attorney Will is, after all, the one who filed the motion to quash. Defendants also have had ample opportunity to object.

---

[49] *See Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644–45 (7th Cir. 1980).
[50] *Douglas Oil*, 441 U.S. at 231.
[51] *See Wheatt*, 2017 WL 3392485, at *1–2.
[52] *See* Fed. R. Crim. P. 6(e)(3)(F) (requiring that the petitioner serve the petition on, and that the court afford a reasonable opportunity to be heard to, "an attorney for the government," "the parties to the judicial proceeding," and anyone else so designated by the court prior to determining whether disclosure is appropriate).
[53] *See* Fed. R. Civ. P. 45(a)(4) (requiring that a notice and a copy of the subpoena be served on each party before it is served on the person to whom it is directed when the subpoena commands the production of documents).

For the foregoing reasons, and for those indicated below in the particularized need analysis, the Court finds that justice requires the immediate disclosure of the requested grand jury materials without referring the matter to the Lorain County Court of Common Pleas.

### 2. The Subpoena Is Procedurally Adequate

Prosecuting Attorney Will also argues that Plaintiff was required to petition a court of competent jurisdiction for the disclosure of the grand jury materials, rather than issue a subpoena.

Prosecuting Attorney Will is correct in pointing out that the most common, and most favored, device for requesting grand jury transcripts is a petition to the supervising court. But he is incorrect insofar as he argues that the petition is the only device that can be used for requesting the disclosure of grand jury materials.[54]

Federal district courts enjoy broad discretion to determine whether disclosure is appropriate. Rule 6(e)(3)(E) provides that courts "may authorize disclosure—*at a time, in a manner, and subject to any other conditions that it directs*—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding."[55] In addition to this broad grant of discretion, nothing in Rule 6(e) establishes the petition procedure as the exclusive mechanism for making such requests.

When the Sixth Circuit has heard cases in which a party has requested grand jury matter using a subpoena, as opposed to the petition procedure set forth at Rule 6(e)(3)(F) and (G),[56] it has not objected to the party's use of the subpoena.[57] Moreover, in a case where a Rule 45 subpoena

---

[54] *See, e.g., Noffsinger*, 196 F. Supp. 3d at 755 ("[G]rand jury transcripts are discoverable in civil rights actions against counties and their employees when review of the transcripts could show that the grand jury proceedings were aimed at depriving plaintiffs of their civil rights rather than legitimate investigations of criminal acts." (quoting *Miller v. Meyer*, No. 2:14-CV-00101, 2015 WL 770333, at *3 (S.D. Ohio Feb. 23, 2015))); *Miller*, 2015 WL 770333, at *5 (granting the defendant county prosecutor and defendant county clerk of court's motions to quash the subpoenas *duces tecum* issued by plaintiff to the Brown County Clerk of Courts, which sought "production of 'all grand jury documents, papers, and transcripts' resulting in the indictments of plaintiffs from the Brown County Clerk of Courts," but only on the ground that plaintiff had not demonstrated a particularized need for the materials).

[55] Fed. R. Crim. P. 6(e)(3)(E)(i) (emphasis added).

[56] A description of the petition procedure was set forth by the Supreme Court in *Douglas Oil*, and was subsequently added to Federal Rule of Criminal Procedure 6(e)(3)(F)–(G) in 1983. *See* Fed. R. Crim. P. 6, notes to the 1983 Amendments. The Sixth Circuit decisions were made after the 1983 additions to the Rule, *see* footnotes 57–58, thereby suggesting that the petition procedure is not the exclusive mechanism for requesting grand jury matter.

[57] *See Ernst & Whinney*, 921 F.2d at 86. In *Ernst & Whinney*, which arose on a petition for a writ of mandamus in connection with a subpoena *duces tecum* that Ernst & Whinney had issued to the non-party Federal Bureau of

Case No. 1:18-cv-929
Gwin, J.

was not used, the court spoke approvingly of Rule 45 subpoenas as a device for requesting grand jury matter. [58]

The Sixth Circuit appears to signal that subpoenas are a proper device for requesting grand jury matter despite the petition procedure that is detailed at Rule 6(e)(3)(F) and (G). Other courts in this circuit have taken the same approach.[59]

Accordingly, the Court finds that Plaintiff Jones's use of a Rule 45 subpoena to seek the grand jury materials does not constitute a basis for quashing the subpoena in the present case.

## C. Plaintiff Has a Particularized Need for Some of the Requested Grand Jury Matter

This Court considers whether Jones has demonstrated that he has a particularized need for the grand jury materials.[60] Under the *Douglas Oil* standard, the party seeking disclosure of the grand jury materials must show that "(a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed."[61]

---

Investigation (FBI), the Sixth Circuit vacated the district court's order requiring the FBI to file an index of the subpoenaed grand jury documents, but only on the ground that the defendant had not made the *Douglas Oil* particularized need showing. *Id.* In addition, the court noted that the magistrate judge had incorrectly ordered the FBI to provide the grand jury materials in order to assess the defendant's need for them, thereby "putting the cart before the horse." *Id.* at 87. Despite the petition procedure described at Fed. R. Crim. P. 6(e)(3)(F)–(G), the court did not object to Ernst & Whinney's use of a subpoena to seek the grand jury matter.

[58] *See United States v. Rutherford*, 509 F.3d 791, 796 (6th Cir. 2007). In *Rutherford*, the Sixth Circuit went further and appeared to endorse the subpoena procedure used in *Ernst & Whinney* to request grand jury matter. *See id.* When deciding whether a Rule 6(e) provision by itself required disclosure of certain grand jury matter to a non-party, the court distinguished the facts of the case from that of *Ernst & Whinney* by concluding: "The difference in [*Ernst & Whinney*], however, is that the third party properly sought to obtain the documents by obtaining a subpoena *duces tecum*. . . . If Wayne County had employed a proper device, it may have been entitled to the documents." *Id.*

[59] *See, e.g., Mason v. Wal-Mart Corp.*, No. 2:14-CV-446, 2015 WL 409695, at *1–3 (S.D. Ohio Jan. 29, 2015) (granting a motion to quash a subpoena seeking grand jury matter on comity grounds, without objecting to the use of a subpoena); *Miller v. Meyer*, No. 2:14-CV-00101, 2015 WL 770333, at *1–5 (S.D. Ohio Feb. 23, 2015) (granting motions to quash a subpoena on the ground that plaintiffs failed to demonstrate they had a particularized need for the grand jury matter, without objecting to the use of a subpoena).

[60] *See Rutherford*, 509 F.3d at 795.

[61] *See Ernst & Whinney*, 921 F.2d at 86 (citing *Douglas Oil*, 441 U.S. at 222–23; *In re Grand Jury Proceedings*, 841 F.2d at 1268).

Case No. 1:18-cv-929
Gwin, J.

### 1. The Grand Jury Matter Is Necessary to Avoid Injustice in This Action

The disclosure of grand jury materials is necessary to avoid injustice in this case.[62] The subpoena at issue seeks transcripts, files, and documents for the grand jury proceedings of *State v. Jones*, Case No. 16CR093976, Lorain County Court of Common Pleas.[63] These are the records of the Lorain County grand jury for Plaintiff Jones's criminal indictment for police officer assault, obstructing official business, and resisting arrest.[64]

According to Defendants, at least four of Plaintiff Jones's claims, namely his federal and state false arrest and malicious prosecution claims, require Plaintiff to show a lack of probable cause to arrest or prosecute.[65] In moving for partial judgment on the pleadings as to these claims, Defendants rely heavily on the grand jury's indictment to establish probable cause. Defendants then argue that Plaintiff Jones does not rebut this presumption with any allegations of false testimony or irregularity in the proceedings.[66] In support of his request for grand jury materials, Plaintiff Jones thus argues that he needs the grand jury matter to "demonstrate that Defendants mislead [sic] the grand jury with false testimony and otherwise challenge the regularity of the grand jury proceedings in this case."[67]

The Court finds this argument supports permitting the disclosure of the protected grand jury matter.[68] The Court also finds a "logical connection" between Plaintiff Jones's allegations of false testimony and the grand jury matter he requests.[69]

---

[62] *Id.*
[63] Doc. 15 at 1.
[64] *Id.*; Doc. 7-1.
[65] *See* Doc. 8 at 1.
[66] *See* Doc. 8-1 at 5, 8.
[67] *See* Doc. 20 at 2.
[68] *See id.* at 5 ("To allow Defendants to assert the benefit of the grand jury indictment without allowing Plaintiff a meaningful opportunity to challenge the regularity of the grand jury proceedings on the grounds that Defendants provided false and misleading information [would be] fundamentally unfair.").
[69] *See Wheatt,* 2017 WL 3392485, at *3.

Plaintiff Jones presents evidence showing that the likelihood of its existence goes beyond "mere speculation."[70] He provides a transcript of Witness Ruth Kennedy's testimony from two stages of Jones's criminal action.[71] Kennedy, one of the two women that Plaintiff Jones met immediately before the incident, appears to be a neutral witness with a clear view of most of the April 2016 incident.[72] Her two sworn testimonies describing the events that transpired between Plaintiff Jones and Officers Weber, Chalkey, and Mitchell raise serious questions as to how a grand jury could have found probable cause to arrest and prosecute Plaintiff Jones for assaulting a police officer, obstructing official business, and resisting arrest.[73]

As Plaintiff Jones argues, someone must be lying, given that "[t]he difference in testimony between [Witness] Kennedy and the officers is far more than a discrepancy that could be explained away by viewing events from different perspectives."[74]

The requested grand jury materials also appear to be the only way to challenge the grand jury's indictment,[75] which is unsurprising given the nature of the dispute. The April 2016 incident

---

[70] *See id.*; *Noffsinger*, 196 F. Supp. 3d at 755 ("[M]ere speculation or suggestion . . . is not sufficient to show a particularized need for disclosure." (quoting *Miller*, 2015 WL 770333, at *3)).

[71] *See* Doc. 20 at 2–4; Doc. 20-1.

[72] Doc. 20-1 at 7:5–16; *id.* at 10:21–22; *id.* at 12:6–8; *id.* at 12:14–13:13; *id.* at 21:3–26:18.

[73] Witness Kennedy recounted that Plaintiff Jones was outside the store throwing away some trash and smoking a cigarette prior to talking with her. *See id.* at 4:17–22. She indicated that the conversation with Plaintiff Jones was pleasant, that she was not scared of him, and that nothing suggested that Plaintiff Jones was under the influence. *See id.* at 4:17–6:10. They chatted about the pots sitting outside of the barbershop and engaged in other small talk. *See id.* at 5:19–22.

With respect to the interaction between Jones and the officers, she explained that the officer patted Jones down, and as the officer went towards his back pocket Jones flinched and turned as if he were about to speak to the officers, at which point the officers tackled him to the ground. *Id.* at 8:8–12; *id.* at 23:3–24. She continued, "Cody's face was smashed into the concrete." *Id.* at 9:9–10. She noted that she heard the officers say, "Stop resisting," when "[the officers] were on top of [Plaintiff Jones] and . . . [Jones] was sort of spasming," and that Jones cried out in pain and that he was not resisting. *Id.* at 10:3–10; *id.* at 24:10–24. Witness Kennedy testified that she was watching almost the entire time, and that she never saw Plaintiff Jones attempt to grab the officers around the waist or take one of the officers firearms. *Id.* at 25:24–26:6.

[74] Doc. 20 at 4.

[75] *Id.*; *see Horizon of Hope Ministry v. Clark Cty., Ohio*, 115 F.R.D. 1, 3 (S.D. Ohio 1986) ("Plaintiffs' need for these grand jury transcripts is great—no other source can provide the information contained in these transcripts to the Plaintiffs."). Plaintiff Jones is not attempting to obtain the grand jury materials "as a shortcut to discovering facts otherwise available." *Horizon of Hope*, 115 F.R.D. at 3. He has already provided a witness's first-hand account of the encounter. But this is only one part of the equation.

Case No. 1:18-cv-929
Gwin, J.

was not the result of an ongoing investigation with documentary and other witnesses. Rather, it was an isolated, unplanned encounter involving only the parties to this case.

Accordingly, the Court finds that the disclosure of the grand jury matter covered by Rule 6(e)(2) is necessary to prevent possible injustice.

### 2. The Need for Disclosure Outweighs the Need for Any Continuing Secrecy

The need for the disclosure of the grand jury matter outweighs the need for continuing secrecy.[76] This case is unique insofar as there is a practical absence of potential harm that could result from disclosing the grand jury matter. The criminal action against Plaintiff Jones has been resolved. He was acquitted of each charge, and the government cannot take an appeal. No investigation is ongoing.

Nor would disclosure harm law enforcement efforts. The criminal action was based on a single unplanned, isolated encounter, and Plaintiff Jones was found not guilty, making any evidence unrelated to other criminal investigations. There is no ongoing investigation or other defendants.

Neither the government nor the parties will be harmed by the disclosure of the matters sought by the subpoena.[77] Notably, Prosecuting Attorney Will does not identify any harm that disclosure would cause beyond the typical policy justifications for the secrecy of grand jury matters. And tellingly, Defendants have not even objected to the potential disclosure.

The Court finds that the need for disclosure outweighs the need for secrecy in this case.

---

[76] *See Ernst & Whinney,* 921 F.2d at 86 (citing *Douglas Oil,* 441 U.S. at 222–23; *In re Grand Jury Proceedings,* 841 F.2d at 1268).
[77] *See* Fed. R. Crim. P. 6(e)(3)(F)–(G) (requiring that courts give certain individuals an opportunity to be heard before making the disclosure determination).

### 3. Plaintiff Jones's Request for Grand Jury Materials Is Not Narrowly Structured

Some, but not all, of the grand jury materials that Plaintiff Jones seeks are necessary to avoid the injustice.[78] Plaintiff Jones seeks the transcripts, files, and documents relating to the grand jury proceedings that resulted in Jones's criminal indictment.[79] But Jones mostly argues that false testimony may have been given to obtain the indictment.[80] Plaintiff Jones sufficiently demonstrates that his request for the disclosure of grand jury testimony is needed to avoid injustice. He does not sufficiently show need for other grand jury materials.

Plaintiff Jones has sustained his burden as to each of the three *Douglas Oil* requirements for the testimony discovery. Because he has shown that he has a "particularized need" for the transcripts, otherwise protected under Rule 6(e)(2)(B), these materials must be disclosed. The transcripts qualify for an exception to the general rule prohibiting the disclosure of "matter occurring before the grand jury," and therefore this part of the subpoena does not seek the disclosure of privileged or other protected matter under Rule 45.[81]

Plaintiff Jones, however, has not shown that he has a "particularized need" for the other grand jury materials. Because they are privileged or protected matter and do not qualify for the exception permitting disclosure,[82] the Court modifies the subpoena so that the transcripts are the only protected matter that it seeks.[83]

Because the objectionable features of the subpoena have been eliminated, the Court denies the Prosecuting Attorney's motion to quash the modified subpoena.

---

[78] *See Ernst & Whinney,* 921 F.2d at 86 (citing *Douglas Oil,* 441 U.S. at 222–23; *In re Grand Jury Proceedings,* 841 F.2d at 1268).
[79] *See* Doc. 15 at 1.
[80] *See generally* Doc. 20.
[81] *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies.").
[82] *See id.*
[83] *See StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.,* No. 1:15-MC-00010, 2015 WL 1022083, at *2 (N.D. Ohio Mar. 9, 2015) ("In ruling on a motion to quash a subpoena duces tecum, the Court is not limited to the remedy of quashing the subpoena, but may so modify it as to remove its objectionable features." (quoting *Ghandi v. Police Dept. of City of Detroit,* 74 F.R.D. 115, 117 (E.D. Mich.1977)).

## III. Conclusion

For these reasons, this Court **MODIFIES** the subpoena as specified above, **DENIES** the motion to quash the modified subpoena, and **ORDERS** the Prosecuting Attorney to produce the testimony discovery requested in the subpoena.

IT IS SO ORDERED.

Dated: August 24, 2018　　　　　　　　　　　　*s/　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE